IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZOA K. REBER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 10-2274 |
| | : | |
| BRUSH WELLMAN, INC., et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                             January 24, 2011

The plaintiff brings this action against her deceased father's employer and an insurance company which issued and administered a group life insurance policy on her father's life. Because the policy was part of the employer's welfare benefit plan, it is regulated under the Employee Retirement Income Security Act of 1974. The employer has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has failed to respond to the motion, and the time for responding has expired. For the reasons which follow, I will grant the uncontested motion in its entirety, and dismiss the defendant employer from the case.

**I. BACKGROUND**

Robert S. Reber was employed by Defendant Brush Wellman, Inc.[1] See Compl. ¶¶ 2-3, 9. As part of his employer's welfare benefit plan, Mr. Reber's life was insured by a

---

[1] Brush Wellman, Inc., is a subsidiary of Brush Engineering Materials, Inc. The complaint names both corporations as defendants. They are represented by the same attorney who filed the motion to dismiss on their behalf. Throughout this memorandum, I will refer to them in the singular as the employer. Both defendants, however, will be dismissed from the case.

group policy for the amount of $50,000 issued and administered by Defendant Metropolitan Life Insurance Company. Id. ¶¶ 4, 10, 13. Unfortunately, Mr. Reber died an accidental death as the result of multiple head trauma suffered in an auto collision on August 15, 2005. Id. ¶ 8.

Plaintiff Zoa Reber alleges in her complaint that in 2005, her father obtained a change of beneficiary form from his employer, and expressed his desire to name her as the sole beneficiary. Id. ¶ 14. On May 10, 2005, Mr. Reber signed the change of beneficiary form, but did nothing further to implement the change in the three months from the time the form was executed until his accidental death on August 15, 2005. Id. ¶¶ 8, 15, 16.

Miss Reber submitted a claim requesting payment of the policy benefits to her pursuant to her father's execution of the change of beneficiary form. Id. ¶ 17. Defendant Metropolitan Life reviewed the claim and denied it initially and upon appeal in late 2006, because the plaintiff was not the beneficiary on record. Id. ¶ 19.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion

to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III. DISCUSSION

The defendant employer filed this motion to dismiss arguing that it should be dismissed as a defendant in this case because there is no allegation in the complaint of any actionable behavior on its part. I agree.

3

The complaint does not allege that the employer owed or breached a duty to the plaintiff or to her father. Furthermore, there is no claim that the employer failed to forward any documentation to the insurance company in a timely manner. Defendant Metropolitan Life was the administrator of the policy, and as such was solely responsible for resolving claims made against the policy and paying out policy proceeds. There is no allegation suggesting that the employer could be held responsible for any of the claims decisions made by Defendant Metropolitan Life.

A complaint "must satisfy . . . the simple requirements of Rule 8(a)."[2] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). Following the Supreme Court's decision in Twombly, Rule 8(a) now requires that the facts in a complaint plausibly suggest that the pleader is entitled to relief. Wilkerson v. New Media Tech. Charter Sch., 522 F.3d 315, 321 (3d Cir. 2008). Accordingly, to state a claim, a plaintiff must state enough factual matter, taken as true, to suggest the required element, which does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Although I do not have the benefit of a response from the plaintiff to this motion, I

---

[2] Rule 8(a) of the Federal Rules of Civil Procedure provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

must agree with the defendant employer that the complaint is woefully insufficient under Rule 8(a) to state a claim against it upon which relief can be granted. Twombly, 550 U.S. at 564. Accordingly, I will grant the employer's motion to dismiss in its entirety.[3]

    An appropriate Order follows.

---

[3] Even in the alternative, the complaint does not set forth enough factual matter to suggest that the plaintiff is entitled to relief against the employer. Pennsylvania law is clear that the mere execution of a change of beneficiary form, without delivery to the employer or insurer, is insufficient to effect a legally enforceable change in the designated beneficiary. In re: Estate of Eugene A. Golas, 751 A.2d 229, 231 (Pa.Super. 2000) (one must follow the requirements specified by an insurance policy in order to change the beneficiary). The intent of the insured will be given effect if he does all that he reasonably can under the circumstances to comply with the terms of the policy which permit a change of beneficiary. Id. Here, it cannot be said that the deceased insured did all that he reasonably could to effectuate the change of beneficiary. On the contrary, he did not take the simple next step of delivering the executed beneficiary form to the employer or the insurer during his lifetime. This omission is not in dispute.